1  DAVID G. COX, ESQ. (OH Bar No. 0042724)
   dcoxlaw@columbus.rr.com
2  THE LAW OFFICE OF DAVID G. COX
   4240 Kendale Road
3  Columbus, OH 43220
   Telephone:     (614) 457-5167
4
   STEPHANIE M. ROCHA, ESQ., SBN 266030
5  smr@millermorton.com
   MILLER, MORTON, CAILLAT & NEVIS, LLP
6  50 W. San Fernando St.
   San Jose, California  95113
7  Telephone:  (408) 292-1765
   Facsimile:  (408) 436-8272
8
9  Attorneys for Plaintiff, Organic Pastures
   Dairy Company, LLC
10
11              THE UNITED STATES DISTRICT COURT

12              EASTERN DISTRICT OF CALIFORNIA

13

14  Organic Pastures Dairy Company, LLC,        )  Case No.:
                                                )
15              Plaintiff,                       )  **PETITION FOR WRIT OF MANDAMUS**
                                                )
16       vs.                                     )
                                                )  Date:
17  Sylvia M. Burwell, Secretary of the United  )  Time:
    States Department of Health and Human        )  Dept:
18  Services; United States Department of Health )  Judge:
    and Human Services; Margaret A. Hamburg,     )
19  Commissioner, United States Food and Drug    )
    Administration; United States Food and Drug  )
20  Administration                               )
                                                )
21              Defendants.                      )
                                                )
22  _____ )

23       This is an action brought by Plaintiff Organic Pastures Dairy Company, LLC ("Organic

24  Pastures" or "Plaintiff") under the All Writs Act, 28 U.S.C. 1651, and the Administrative

25  Procedure Act ("APA"), 5 U.S.C. 701, *et seq.* that seeks a Writ of Mandamus ordering the

26  United States Food and Drug Administration (FDA) to take final agency action on a petition

27  submitted by Organic Pastures to FDA over one year ago.

28

**GENERAL ALLEGATIONS**

Nature of Action

Plaintiff seeks a Writ of Mandamus to order FDA to take final agency action on a petition submitted by Organic Pastures to FDA on May 31, 2013.  As of this date, FDA has not taken any final agency action on Organic Pastures' petition.

The Parties

1.      Plaintiff Organic Pastures is a company that is engaged in the business of selling raw dairy products, including but not limited to raw fluid milk and butter and cream, to customers, wholesale and retail, within the State of California.

2.      Plaintiff's net worth is less than $7 million and it has less than 500 employees.

3.      Defendant Sylvia M. Burwell is the current Secretary of the United States Department of Health and Human Services ("HHS").  Defendant Burwell is being named a party in her official capacity as Secretary of HHS.

4.      Defendant HHS is the executive department having jurisdiction over the United States Food and Drug Administration ("FDA").

5.      Defendant Margaret Hamburg is the current Commissioner of FDA.  As Commissioner, Ms. Hamburg is responsible for the direction and supervision of all operations and activities of the FDA.  Defendant Hamburg is being named a party in her official capacity as Commissioner of FDA.

6.      Defendant FDA is the administrative agency granted authority by Congress to regulate the interstate sale of food in the United States.

Jurisdiction and Venue

7.      This Court has jurisdiction pursuant to 28 U.S.C. 1331 because this case addresses a federal question and pursuant to 28 U.S.C. 1346(a)(2) because an agency of the United States is a party.

8.      Venue lies with this Court under 28 U.S.C. 1391(e)(1)(C) because this action is against an agency of the United States, Plaintiff resides in this District, and no real property is involved in this action.

Standing

9.     5 U.S.C. 551(13) defines "agency action" as, in part, "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*." (Emphasis added).

10.     5 U.S.C. 702 provides, in part, that a party who has suffered "legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

11.     5 U.S.C. 706(1) provides, in part, that a court reviewing agency action shall "compel agency action unlawfully withheld or unreasonably delayed."

12.     Under the Administrative Procedure Act, 5 U.S.C. 551 *et seq.*, a party may seek "judicial review of prolonged agency inaction." *Costle v. Pacific Legal Foundation*, 445 U.S. 198 (1980).

13.     The power grounded in 5 U.S.C. § 706(1) to compel agency action can also be effectuated through the use of a writ of mandamus.  *Potomac Elec. Power Co. v. I.C.C.*, 702 F.2d 1026, 1034 (D.C. Cir. 1983).

14.     21 C.F.R. 10.25(a) provides, in part, that an interested person "may petition the Commissioner to issue, amend, or revoke a regulation * * * in the form of a citizen petition in § 10.30."

15.     21 C.F.R. 10.30(e)(2) provides, in part, that when FDA receives a petition, it shall do one of three things within 180 days of receipt of the petition:  (i) approve the petition, (ii) deny the petition, or (iii) provide a tentative response and indicate why FDA has been unable to reach a decision on the petition.

16.     On May 31, 2013, Plaintiff Organic Pastures submitted a petition to FDA pursuant to the administrative requirements of 21 C.F.R. Part 10.

17.     Upon information and belief, FDA received the petition on June 5, 2013.

18.     Plaintiff Organic Pastures' petition requested a modification to 21 C.F.R. 1240.61, which provides, in part, that no person shall:

> "cause to be delivered into interstate commerce or shall sell,
> otherwise distribute, or hold for sale or other distribution after

shipment in interstate commerce any milk or milk product in final package form for direct human consumption unless the product has been pasteurized or is made from dairy ingredients (milk or milk products) that have all been pasteurized…."

19.    Plaintiff Organic Pastures' petition requested that 1240.61's prohibition contain an exemption, i.e., that raw milk which can be legally sold in one state (for example in California) can be transported in final package form for human consumption across state lines and delivered to a customer in another state where raw milk sales are also legal in that receiving state (for example Arizona).

20.    FDA failed to take final agency action on Organic Pastures' petition within 180 days as required by 21 C.F.R. 10.30(e)(2).

21.    Instead of taking final agency action within the 180-day deadline, FDA issued a letter to Organic Pastures dated November 8, 2013.

22.    In their letter, FDA did not give a tentative response to Organic Pastures' petition. Instead, FDA claimed that it could not provide a tentative response because "of the limited availability of resources and other agency priorities."

23.    On November 18, 2013, Plaintiff Organic Pastures submitted a supplement to its petition to FDA pursuant to the administrative requirements of 21 C.F.R. Part 10.

24.    To this day, more than one year later, FDA has failed to take final agency action on either Organic Pastures' petition or supplement.

25.    Organic Pastures has no other remedy to force FDA to take action on its petition and supplement than to obtain a Writ of Mandamus from this Court.

26.    This is the second time Organic Pastures has been required to seek a writ of mandamus against FDA for its failure to respond to a citizen petition submitted under 21 C.F.R. Part 10.

27.    Specifically, Organic Pasture submitted a previous petition in December 2008 for which FDA failed to take final agency action within 180 days.

28.    Organic Pastures had to seek a writ of mandamus against FDA for its failure to take final agency action.  *See* Case No. 1-12-cv-02019-SAB.

<u>**COUNT ONE**</u>

29. Paragraphs 1 through 28 are hereby incorporated in this Count as if rewritten herein.

30. FDA has had more than one year to take final agency action on Organic Pastures' petition and supplement yet as of this date has failed to take any final action.

31. FDA's failure to take final action constitutes final agency action under the APA for which judicial relief is available.

32. Accordingly, FDA has violated its mandatory duty under 21 C.F.R. 10.30 to approve or deny Organic Pastures' petition and supplement, for which a Writ of Mandamus should issue.

WHEREFORE, Plaintiff prays that the Court:

<u>**PRAYER FOR RELIEF**</u>

A. Issue a Writ of Mandamus ordering FDA to issue a notice of proposed rulemaking on Organic Pastures' petition within 30 days of the issuance of the Writ, and to proceed expeditiously thereafter to complete any ensuing rule making proceeding;

B. Declare Organic Pastures a "prevailing party" as that term is used in 28 U.S.C. 2412;

C. Declare that FDA's failure to take action was not "substantially justified" as that term is used in 28 U.S.C. 2412;

D. Award Organic Pastures all of its "fees and other expenses" as that term is used in 28 U.S.C. 2412;

E. Award such other relief it deems necessary and just.

Dated: August 1, 2014                    Respectfully submitted,


                                         DAVID G. COX

                                         and

                                          /s/ Stephanie M. Rocha
                                         STEPHANIE M. ROCHA

                                         Attorneys for Plaintiff Organic Pastures Dairy
                                         Company, LLC

*Petition for Writ of Mandamus*